UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  9:16-cv-80109

**AFFORDABLE AERIAL**
**PHOTOGRAPHY, INC.,**

    **Plaintiff,**

v.

**ILLUSTRATED PROPERTIES REAL**
**ESTATE INC., FRANCHESCA FLORA,**
**MARILYN DIANE PEIRCE, SUZANNE N.**
**STOLL, SHAWNA LYNN BEDFORD,**
**YEKATERINA KATYA HUTTON,**
**KATHLEEN S. MCLANE, and GEORGE**
**TAMASI,**

    **Defendants.**

_____

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff, AFFORDABLE AERIAL PHOTOGRAPHY, INC., a Florida corporation, by and through undersigned counsel, brings this Complaint against Defendants, ILLUSTRATED PROPERTIES REAL ESTATE INC., FRANCHESCA FLORA, MARILYN DIANE PEIRCE, SUZANNE N. STOLL, SHAWNA LYNN BEDFORD, YEKATERINA KATYA HUTTON, KATHLEEN S. MCLANE, and GEORGE TAMASI for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1.    Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of AAP's exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted works of authorship in its real estate

photographs. AAP licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2. AAP provides high-end real estate photography services to real estate brokers and agents in South Florida.

3. Robert Stevens is AAP's principal photographer and its founder. Mr. Stevens' work is sought after by real estate professionals throughout South Florida. For the past eight years, Stevens has photographed some of the most expensive real estate listings in U.S. history, including Donald Trump's mega-mansion in Palm Beach listed for $125 million. From Palm Beach to California, the Bahamas and New York, Stevens has been contracted to photograph the estates of Madonna, Celine Dion, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Bill Gates, Tommy Lee Jones, Bryant Gumble and Chris Evert.

4. The Defendants are a licensed real estate corporation and real estate associates licensed in the state of Florida. AAP alleges that the Defendants obtained AAP's copyrighted works from prior listings for other properties on multiple listing services of which Defendants are members in order to carry out their activities as professional real estate agents and brokers.

5. Defendants copied AAP's copyrighted photographs from these prior real estate listings without AAP's permission. The prior real estate listings that Defendants obtained to copy AAP's copyrighted photographs are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publically on the internet.

6. Defendants distributed AAP's copyrighted photographs also without AAP's permission, such as through real estate listings on multiple listing services. The Defendants

committed the violations alleged by copying and distributing AAP's copyrighted works in connection with Defendants' real estate listings posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of the Defendants' professional real estate businesses.

7. AAP's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1367.

10. Defendants are subject to personal jurisdiction in Florida.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

12. ILLUSTRATED PROPERTIES REAL ESTATE INC ("Illustrated") is a Florida corporation licensed by the Florida Department of Business and Professional Regulation as Real Estate Corporation, License CQ272569.  Illustrated's principal office is located at 2725 PGA Blvd., Palm Beach Gardens, Florida, 33410.

13. FRANCHESCA FLORA ("Flora") is a Florida licensed Real Estate Broker Sales Associate, Lic. No. 3277568, who resides in Palm Beach County, Florida.

14. MARILYN DIANE PEIRCE ("Peirce") is a Florida licensed Real Estate Broker Sales Associate, Lic. No. 3027059, who resides in Palm Beach County, Florida.

15. SUZANNE N. STOLL ("Stoll") is a Florida licensed Real Estate Sales Associate, Lic. No. 3076616, who resides in Palm Beach County, Florida.

16. SHAWNA LYNN BEDFORD ("Bedford") is a Florida licensed Real Estate Sales Associate, Lic. No. 3037995, who resides in Palm Beach County, Florida.

17. YEKATERINA KATYA HUTTON ("Hutton") is a Florida licensed Real Estate Sales Associate, Lic. No. 3142916, who resides in Palm Beach County, Florida.

18. KATHLEEN S. MCLANE ("McLane") is a Florida licensed Real Estate Sales Associate, Lic. No. 3166774, who resides in Palm Beach County, Florida.

19. GEORGE TAMASI ("Tamasi") is a Florida licensed Real Estate Sales Associate, Lic. No. 3277276, who resides in Palm Beach County, Florida.

20. Flora, Peirce, Stoll, Bedford, Hutton, McLane and Tamasi are all employed by or otherwise affiliated with Illustrated.

## THE COPYRIGHTED WORKS AT ISSUE

21. In 2011, Robert Stevens created three (3) copyrighted photographs, entitled "3800_North_Ocean_Drive_111copy edited-1, Jan. 20, 2011," "3800_North_Ocean_Drive_693copy_edited-1, Jan. 20, 2011," and "3800_North_Ocean_Drive_24, Jan. 20, 2011" which are shown in Exhibit 1 hereto and referred to as the "3800 North Ocean Works." On December 30, 2014, Stevens registered the 3800 North Ocean Works with the Register of Copyrights, and was assigned the registration number VA 1-943-416. The Certificate of Registration is attached hereto as Exhibit 2.

22. In 2011, Robert Stevens created six (6) copyrighted photographs depicting different common rooms in 5310 N. Ocean Drive, Singer Island, Florida, which are shown in Exhibit 3 hereto and referred to as the "5310 N. Ocean Works." On December 30, 2014, Stevens registered the 5310 N. Ocean Works with the Register of Copyrights, and was assigned the registration number VA 1-943-416. The Certificate of Registration is attached hereto as Exhibit 2.

23. In 2011, Robert Stevens created seven (7) copyrighted photographs depicting 100 Ocean Trail Way, Jupiter, Florida, including two aerial photographs, which are shown in Exhibit 4 hereto and referred to as the "100 Ocean Trail Works." On December 30, 2014, Stevens registered the Ocean Trail Works with the Register of Copyrights, and was assigned the registration number VA 1-943-416. The Certificate of Registration is attached hereto as Exhibit 2.

24. In 2014, Robert Stevens created three (3) copyrighted photographs depicting 5420 N. Ocean Drive, Singer Island, Florida, also known as "Connemara," which are shown in Exhibit 5 hereto and referred to as the "Connemara Works."  On December 5, 2014, Stevens registered the Connemara Works with the Register of Copyrights, and was assigned the registration number VA 1-939-561.  The Certificate of Registration is attached hereto as Exhibit 6.

25. In 2011, Robert Stevens created a certain copyrighted aerial photograph at issue in this action entitled "Waterview Towers West Palm Beach, May 11, 2011" which is shown in Exhibit 7 hereto and is referred to herein as the "Waterview Towers Work." On February 6, 2015, Stevens registered the Waterview Towers Work with the Register of Copyrights, and was assigned registration number VA 1-945-698.  The Certificate of Registration is attached hereto as Exhibit 8.

26. In 2011, Robert Stevens created a certain copyrighted aerial photograph at issue in this action entitled "Jup_190_copy, Apr. 20, 2011" which is shown in Exhibit 9 hereto and is referred to herein as the "Low Tide Work." On July 30, 2013, Stevens registered the Low Tide Work with the Register of Copyrights, and was assigned registration number VA-1-953-574. The Certificate of Registration is attached hereto as Exhibit 10.

27. In 2010, Robert Stevens created a certain copyrighted aerial photograph at issue in this action entitled "1220 S. Ocean Blvd, May 6, 2010" which is shown in Exhibit 11 hereto and is referred to herein as the "South Ocean Work." On January 4, 2014, Stevens registered the South Ocean Work with the Register of Copyrights, and was assigned registration number VA-1-896-861. The Certificate of Registration is attached hereto as Exhibit 12.

28. At the time he created the works at issue in this action, Stevens applied copyright management information to certain works at issue in this case consisting of his name and a copyright symbol in the lower left hand corner of each photograph.

29. AAP licenses digital copies of several of the works at issue in this action pursuant to a written license that restricts their use to individuals and businesses who purchase licenses at www.stockimagedepot.com.

30. At all relevant times AAP was the owner of the copyrighted works at issue in this case. AAP became the owner of the copyrighted works either by virtue of the fact that the works were works for hire taken by Robert Stevens' in the course and scope of his employment for AAP, and/or by written assignment from Stevens to AAP, including assignment of the copyright registrations for said works.

**INFRINGEMENT BY DEFENDANTS**

31.     The Defendants have never been licensed to use the works at issue in this action for any purpose.

32.     On a date after the works at issue in this action were created, but prior to the filing of this action, Defendants copied the works.

33.     Defendants copied AAP's copyrighted works from prior listings for other properties on multiple listing services of which Defendants are members or from the internet.

34.     Defendants copied AAP's copyrighted photographs from these prior real estate listings or the internet without AAP's permission.

35.     The prior real estate listings that Defendants obtained to copy AAP's copyrighted photographs are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publically on the internet.

36.     After Defendants copied the works, they made further copies and distributed the works on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the works or similar properties as part of their professional real estate businesses.

37.     Defendants copied and distributed AAP's copyrighted works in connection with Defendants' real estate listings posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of the Defendants' professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers.

38. AAP's works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets

39. Defendant Flora committed copyright infringement of the 5310 N. Ocean Works as evidenced by the documents attached hereto as Exhibit 13.

40. Defendant Bedford committed copyright infringement of the 3800 North Ocean Works as evidenced by the documents attached hereto as Exhibit 14.

41. Defendant McLane committed copyright infringement of the 100 Ocean Trail Way Works as evidenced by the documents attached hereto as Exhibit 15.

42. Defendant Peirce committed copyright infringement of the Connemara Works as evidenced by the documents attached hereto as Exhibit 16.

43. Defendant Stoll committed copyright infringement of the Waterview Towers Work as evidenced by the documents attached hereto as Exhibit 17.

44. Defendant Hutton committed copyright infringement of one of the 3800 N. Ocean Works as evidenced by the documents attached hereto as Exhibit 18.

45. Defendant Tamasi committed copyright infringement of one of the 3800 North Ocean Works, the Low Tide Work, and the South Ocean Work as evidenced by the documents attached hereto as Exhibit 19.

46. In connection with their infringement of the works at issue in this action, Defendants removed copyright management information from the works as evidenced by the documents attached hereto as Exhibits 13 through 19.

47. Neither AAP nor Stevens ever gave Defendants permission or authority to copy, distribute or display the works at issue in this case, or create derivative works of the works.

48. Neither AAP nor Stevens ever gave Defendants permission or authority to remove copyright management information from the works at issue in this case.

49. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

50. Plaintiff AAP incorporates the allegations of paragraphs 1 through 49 of this complaint as if fully set forth herein.

51. AAP owns valid copyrights in the works at issue in this case.

52. AAP's registered the works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

53. Defendants copied, displayed, and distributed the works at issue in this case and made derivatives of the works without AAP's authorization in violation of 17 U.S.C. § 501.

54. Defendants performed the acts alleged in the course and scope of their licensed real estate sales activities performed for Illustrated.

55. AAP has been damaged.

56. The harm caused to AAP has been irreparable.

## COUNT II
## COPYRIGHT INFRINGEMENT
## AGAINST ILLUSTRATED

57. Plaintiff AAP incorporates the allegations of paragraphs 1 through 49 of this complaint as if fully set forth herein.

58. AAP owns valid copyrights in the works at issue in this case.

59. AAP's registered the works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

60. Defendants copied, displayed, and distributed the works at issue in this case and made derivatives of the works without AAP's authorization in violation of 17 U.S.C. § 501.

61. Illustrated profited from the direct infringement of the exclusive rights of AAP in the works at issue in this case under the Copyright Act while declining to exercise a right to stop it.

62. AAP has been damaged.

63. The harm caused to AAP has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

64. Plaintiff AAP incorporates the allegations of paragraphs 1 through 49 of this complaint as if fully set forth herein.

65. The works at issue in this case contain copyright management information ("CMI").

66. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the works at issue in this action in violation of 17 U.S.C. § 1202(b).

67. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the works at issue in this action protected under the Copyright Act.

68. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal

infringement of AAP's rights in the works at issue in this action protected under the Copyright Act.

69. AAP has been damaged.

70. The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff AAP prays for judgment against the Defendants that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504.

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 21, 2016                    Respectfully submitted,

                                                        */s/ Joel B. Rothman*
                                                    JOEL B. ROTHMAN
                                                    Florida Bar Number:  98220
                                                    joel.rothman@sriplaw.com
                                                    JEROLD I. SCHNEIDER
                                                    Florida Bar Number:  26975
                                                    jerold.schneider@sriplaw.com
                                                    DIANA F. MEDEROS
                                                    Florida Bar Number:  99881
                                                    diana.mederos@sriplaw.com
                                                    **SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
                                                    4651 North Federal Highway
                                                    Boca Raton, FL  33431
                                                    561.404.4350 – Telephone
                                                    561.404.4353 – Facsimile
                                                    *Attorneys for Plaintiff Affordable Aerial Photography, Inc.*