UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  9:16-cv-80109-Dimitrouleas/Snow

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.

    Plaintiff,

v.

ILLUSTRATED PROPERTIES
REAL ESTATE, INC. et al.,

    Defendants.
_____/

**INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM**

The individual Defendants to this action, Franchesca Flora, Marilyn Diane Peirce, Suzanne N. Stoll, Shawna Lynn Bedford, Kathleen S. McLain and George Tamasi (the "Agents"), respectfully move this Court dismiss Plaintiff Affordable Aerial Photography, Inc.'s Complaint [D.E. #1], pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for failing to allege sufficient facts to show Plaintiff has standing to maintain this action and to state its claims, as set forth in the accompanying memorandum.  Additionally, the individual Defendants rely on and incorporate herein the memorandum supporting co-Defendant Illustrated Properties Real Estate, Inc's ("Illustrated") separate Motion to Dismiss [D.E. # 28], including the arguments made in Section III.A regarding Plaintiff's ambiguous, inconsistent, and conclusory allegations.

                                                    s/ Andrew D. Lockton
                                                   Andrew D. Lockton (FBN: 115519)
                                                   Edward F. McHale (FBN: 190300)
                                                   Kenneth W. Cohen (FBN: 30185)
                                                   McHALE & SLAVIN, P.A.
                                                   2855 PGA Boulevard

1

Palm Beach Gardens, Florida 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6572
E-mail: litigation@mchaleslavin.com

Fred C. Cohen (FBN: 155121)
Cohen, Norris, Wolmer, Ray, Telepman & Cohen
712 U.S. Highway One, Suite 400
North Palm Beach, FL 33408
Telephone: (561) 844-3600
Facsimile: (561) 842-4104
Email: fcc@cohenlaw.com

*Attorneys for Defendants Franchesca Flora, Marilyn Diane Peirce, Suzanne N. Stoll, Shawna Lynn Bedford, Kathleen S. McLain, and George Tamasi*

**MEMORANDUM OF LAW**

I.    <u>**INTRODUCTION**</u>

The Plaintiff's claim for copyright infringement involves allegations related to photographs for various real estate properties in South Florida, used in connection with the listing of real estate through services such as the Multiple Listing Service. The copyrighted works at issue are part of collections of many photographs, including the interior and exterior view of various high-rise properties offered for sale. The Complaint alleges that various photographs utilized in connection with listings and advertisements for the sale of properties, included photographs for which the Individual Defendants and Illustrated (together, the "Defendants") had not obtained licenses and had removed copyright management information from. While the complaint originally includes Yekaterina Katya Hutton as an Individual Defendant, she has now been voluntarily dismissed by the Plaintiff. Indeed, Ms. Hutton was dismissed by Plaintiff upon the realization that Mr. Hutton had, in fact, licensed the purportedly infringing photographs from Plaintiff's website.

Since 2013, it appears that the Plaintiff has filed no less than nine (9) lawsuits in the Southern District of Florida, in point, almost an identical version of the Complaint in this action, against other real estate professionals. However, the ambiguous, inconsistent, and conclusory nature of the instant Complaint (i) fails to sufficiently allege *facts* necessary to support Plaintiff's claims, (ii) fails to sufficiently allege Plaintiff's standing to maintain such an action, and (iii) impedes the Defendants' ability to properly respond to it.

II.    <u>**BACKGROUND**</u>

Plaintiff's Complaint alleges that between the years of 2010 and 2014, Robert Stevens took twenty two (22) different photographs, relating to seven (7) different properties or locations.

1

(D.E. 1, Compl. ¶¶ 21–27.)  Stevens registered these photographs in seven (7) different groups between 2011 and 2015.  (Compl. ¶¶ 21–27.)  These works, as registered, were not works made for hire.  (Compl. Exhibits 2, 6, 8, 10, and 12.)

The Complaint alleges that "AAP licenses its copyrighted works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings."  (Compl. ¶ 1.)  It goes on to allege "that the Defendants obtained AAP's copyrighted works from prior listings for other properties on Multiple Listing Services, of which Defendants are members, in order to carry out their activities as professional real estate agents and brokers," (Compl. ¶ 4), and that this alleged copying of "AAP's copyrighted photographs from these prior real estate listings [was] without AAP's permission."  (Compl. ¶ 5.)  Defendant's are alleged to have "copied, displayed, and distributed the works at issue in this case" without authorization from either Stevens or AAP.  (Compl. ¶¶ 39–45, 47, 53.)

Of particular importance, AAP alleges the legal conclusion that "[a]t all relevant times, AAP was the owner of the copyrighted works at issue in this case.  AAP became the owner of the copyrighted works either by virtue of the fact that the works were works for hire taken by Robert Stevens in the course and scope of his employment for AAP, and/or by written assignment from Stevens to AAP, including assignment of the copyright registrations for said works."  (Compl. ¶ 30.)  But these works were originally created and registered by Robert Stevens.  (Compl. ¶¶ 21–27.)  Without an assignment of the works by Stevens, Stevens is still the owner of the works.

AAP, however, was founded by Stevens, and through the website www.stockimagedepot.com, AAP licenses the works at issue to individuals and businesses.  (Compl. ¶¶ 3, 28–29.)

At the time Stevens created the works at issue in this case, he allegedly applied copyright

2

management information in the form of his name and a copyright symbol on the lower left hand corner of "certain works". (Compl. ¶ 28.) Indeed, only nine (9) of the twenty two (22) works attached to the Complaint include this copyright management information. (Compl. Exhibits 1, 3, 4 ,5, 7, 9, and 11.) Further, AAP makes no representation that the works licensed through its website include copyright management information. Yet the Complaint also alleges that "Defendants" removed copyright management information from the works at issue without authorization from either Stevens or AAP. (Compl. ¶¶ 39–46, 48.)

### III.     LEGAL STANDARD

#### A.     Motion To Dismiss

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, of the cause of action, and of the relief sought. Fed. R. Civ. P. 8(a). To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 2009). Further, a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79

(2009); *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1230 n.1 (11th Cir. 2005); *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1304 n.12 (11th Cir. 2003), *cert. denied* 541 U.S. 1037 (2004) (noting that the district court need not accept as true conclusory legal allegations of reasonable reliance upon alleged misrepresentations when deciding a Rule 12 motion).

### B.   Incorporation by Reference of Central Documents

"In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The Court may consult documents attached to a motion to dismiss under the "incorporation by reference" doctrine. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). This is appropriate when the document is: (1) central to the plaintiffs claim, and (2) undisputed, meaning that the *authenticity* of the document is not challenged. *See id*.

Plaintiff has alleged "Defendants copied, displayed, and distributed the works at issue in this case and made derivative works without AAP's authorization in violation of 17 U.S.C. § 501." (Compl. ¶ 53.) Therefore, through its allegations the Complaint has made any written authorizations central to the case. The Court should note that the reference to "Defendants" in paragraph fifty three (53), however, includes Yekatarina Katya Hutton, now dismissed from this case. Attached as Exhibit "A" to this Motion is the receipt provided to Ms. Hutton from Plaintiff when Ms. Hutton *purchased* a license to "cop[y], display[], and distribute[] [some of] the works at issue in this case" (Compl. ¶ 53)—however, contrary to the allegation, this receipt evidences that Ms. Hutton had AAP's authorization for the acts accused as infringing (Mot. Exhibit A).

It is well settled that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2008);

4

*see also Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) (It is the law in this Circuit that "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."); *Simmons v. Peavy-Welsh Lumber Co.,* 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.").

## IV.  ARGUMENT

### A.  The Court Lacks Subject Matter Jurisdiction Because the Complaint Fails to Sufficiently Allege Standing to Bring an Action for the Copyrighted Works at Issue.

Federal District courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This jurisdiction extends to claims "arising under" federal laws relating to patents, copyrights, trademarks, and related claims of unfair competition. 28 U.S.C. § 1338(a), (b); *see Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 986 (9th Cir. 2003). But as stated in the Copyright Act, "only the 'legal or beneficial owner of an exclusive right under a copyright' may 'institute an action for any infringement of that particular right while he or she is the owner of it.'" *Professional LED Lighting, Ltd. v. Aadyn Tech, LLC*, 88 F. Supp.3d 1356, 1369 (S.D. Fla. 2015) (*quoting* 17 U.S.C. § 501(b)). Therefore, "only the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action." *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290–91 (11th Cir. 2011).

A transfer of ownership of an exclusive right in a copyright "is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, in is writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." *Lorentz v. Sunshine Health Prods., Inc.*, Case No. 09-61529, 2010 U.S. Dist. LEXIS 101019 (S.D. Fla. August 27, 2010) (*quoting* 17 U.S.C. § 204(a) (internal quotations omitted)). But § 204 is also satisfied if a

note or memorandum is executed later to validate a prior oral transfer of copyright ownership. *Imperial Residential Design, Inc. v. Palms Development Group, Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) (an oral assignment later ratified or confirmed by a written memorandum of the transfer can satisfy the requirements of § 204). But without an earlier oral assignment, a later executed note or memorandum does not relate back to an earlier time, *see id.*, and an infringement action cannot be maintained if the Plaintiff lacked the right to sue at the time the action was filed, *see Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir. 1969).

Here, the Complaint conclusorily alleges that "[a]t all relevant times AAP was the owner of the copyrighted works at issue in this case." (Compl. ¶ 30.) But this legal conclusion relies solely upon the further allegation that "AAP became the owner of the copyrighted works either by virtue of the fact that the works were works for hire [*sic*] taken by Robert Stevens' [*sic*] in the course and scope of his employment for AAP, and/or by written assignment from Stevens to AAP, including assignment of the copyright registrations for said works." (Compl. ¶ 30.) However, as evidenced by the registrations attached to the Complaint, none of the copyright registrations are works made for hire. (Compl. Exhibits 2, 6, 8, 10, and 12.) Therefore, unless Stevens validly transferred ownership of the works at issue, AAP does not have standing to file an infringement suit and the Court does not have subject matter jurisdiction to proceed.

Assuming the allegations in paragraph thirty (30) of the Complaint are true, for AAP to be the owner of the works at "all relevant times", AAP would need to be the owner of the works prior to any actions by the Defendants. (Compl. ¶ 30.) Assuming this allegation is true, then <u>only AAP had the right</u> to grant Defendants the authority to copy, distribute, display, or remove copyright management information from the works at issue.

But taking the facts alleged in paragraph forty seven (47) and forty eight (48) of the Complaint as true, however, Stevens did not assign ownership of the copyrights to Plaintiff. As

6

alleged in the Complaint, [n]either AAP nor Stevens ever gave Defendants permission or authority to copy, distribute or display the works at issue in this case, or create derivative works." (Compl. ¶ 47, emphasis added.) And "[n]either AAP nor Stevens ever gave Defendants permission or authority to remove copyright management information from the works at issue." (Compl. ¶ 48, emphasis added.) If Stevens assigned the copyrights to AAP, then Stevens did not have the right to grant Defendants the authority to copy the works or remove copyright management information. For Stevens to be able to authorize Defendants to copy the works or remove copyright management information, which the *factual* allegation in the Complaint require in order to be true, Stevens maintained rights in the works. If Stevens maintained rights in the works at issue, then Stevens did not assign the works to AAP—and AAP lacks standing to bring this action.

The factual allegations in paragraphs forty seven (47) and forty eight (48), along with the registration themselves, *contradict* the legal conclusion alleged in the Complaint that "at all relevant time AAP was the owner of the copyrighted works." (Compl. ¶ 30.) Taking the factual allegations as true, AAP lacks standing to bring the present action. Therefore, the Court lacks jurisdiction for this action, and the individual Defendants respectfully request that the Court dismiss the Complaint under Fed. R. Civ. P. 12(b)(1).

      **B.**    **The Ambiguous and Conclusory Allegations in the Complaint Fails to Sufficiently Allege Facts to Support a Claim for Removal of Copyright Management Information.**

Count III of the Complaint alleges that copyright management information was knowingly removed from the works at issue in this action, and done with the intent to enable or facilitate copyright infringement. (Compl. ¶¶ 66–67.) Though the count does not specify which defendants are accused of these actions, the paragraphs allege that the removal of copyright management information was carried out by "Defendants"—which seemingly suggests that the

7

count is directed to all individual Defendants and Illustrated.  (Compl. ¶¶ 66–68.)  The only discussion in the Complaint of copyright management information, however, comes from the single line that "[a]t the time he created the works at issue in this action, Stevens applied copyright management information to <u>certain works at issue</u> in this case consisting of his name and a copyright symbol in the lower left hand corner of each photograph."  (Compl. ¶ 28, emphasis added.)  These conclusory allegations fail to satisfy the requirements of Rule 8 and should be dismissed.

      The Digital Millennium Copyright Act protects the integrity of copyright management information.  17 U.S.C. § 1202.  The Act, in relevant part, "makes it illegal to 'intentionally remove or alter any copyright management information,' or 'distribute . . . copies of works . . . knowing that copyright information has been removed or altered without the authority of the copyright owner.'"  *McPherson v. Seaduced*, Case No. 14-cv-2315, 2015 U.S. Dist. LEXIS 52374 at *6 (M.D. Fla. April 21, 2015) (*quoting* 17 U.S.C. § 1202(b)(1), (3)).  "'Copyright management information' includes 'information conveyed in connection with copies' of the work, such as the 'title' and the 'name of . . . the author.'"  *Roof & Rack Prods. v. GYB Investors, LLC*, Case No. 13-80575, 2014 U.S. Dist. LEXIS 92333 at *13 (S.D. Fla. July 8, 2014) (*quoting* 17 U.S.C. § 1202(c)(1)–(2)).

      Though the allegations *seem to* suggest a plausible claim under Section 1202, the allegations are in fact far too conclusory and ambiguous, and impermissibly amount to no more than a formulaic recitation of the elements of a cause of action.  *See Twombly*, 550 U.S. at 555.  Aside from the standing issues addressed *supra*, the Complaint states that only "certain works at issue" ever included "copyright management information" in the form of the authors name and a copyright symbol.  (Compl. ¶ 28.)  Indeed, a review of the photographs represented as the copyrighted works shows that only some of the photographs contain this copyright management

8

information.  (Compl. Exhibits 1–11.)  Of the 22 photos attached to the Complaint, nine (9) are marked with the copyright management information while thirteen (13) are provided *with no copyright management information*.  (*Compare* Compl. Exhibits 1, 5, 7, 9, and 11 *with* Compl. Exhibits 3 and 4.)  Exhibits 3 and 4 shows that the works titled "5310 N. Ocean Works" and "100 Ocean Trial Way Works" do not contain copyright management information.  (Compl. Exhibits 3–4.)  This contradicts Plaintiff's shotgun allegation that "Defendants" removed copyright management information—since Defendants Flora and McLane are alleged to have removed information that—according to Plaintiff's evidence—was never there in the first place.  (Compl. ¶¶ 39, 41.)

The Complaint further alleges that AAP sells licenses to these works through its website at www.stockimagedepot.com.  (Compl. ¶ 29.)  What the Complaint fails to address, however, is whether the works licensed by AAP's site include copyright management information.  (Compl. ¶ 29.)  Indeed, as addressed *supra*, it appears that not all works were ever affixed with copyright management information by the author.  (Compl. Exhibits 3–4.)  If Plaintiff is licensing these works without copyright management information, then the Defendants cannot plausibly be found to have removed copyright management information.  In order to even qualify as "copyright management information", the information must be "conveyed in connection with copies . . . of a work."  17 U.S.C. § 1202(c).  Without even pleading that the information is conveyed by AAP through www.stockimagedepot.com when it licenses the images, not only does the Complaint leave Defendants unsure as to whether or not AAP licenses these works with copyright management information, but the Complaint is facially deficient.

Plaintiff's shortcomings become even more clear in view of the allegations against former-defendant Hutton.  Ms. Hutton was originally alleged to have copied and removed copyright management information from a photograph in the "3800 N. Ocean Works".  (Compl.

9

¶ 44.)  She has since been dismissed as a defendant because—as seen in the attached Exhibit A to this Motion—Ms. Hutton purchased a license from Plaintiff and was fully authorized to use the allegedly infringing photographs.  (Mot. Exhibit A; Compl. ¶ 44.)  The "3800 N. Ocean Works" are represented as Exhibit 1 to the Complaint, and in Exhibit 1 these works have copyright management information.  (Compl. ¶21; Compl. Exhibit 1.)  However, a review of Exhibit 18, the purported "evidence" of Ms. Hutton's infringement, shows that the photographs provided to her by AAP do not contain copyright management information.  (Compl. Exhibit 18; Mot. Exhibit A.)  These works are the same that Defendants Bedford and Tamasi are alleged to have removed copyright management information from.  (Compl. ¶¶ 40, 45.)  But if AAP is licensing the "3800 N. Ocean Works" without copyright management information, then the Defendants cannot have removed the copyright management information.   And if AAP is licensing the "3800 N. Ocean Works" without copyright management information, then without factual allegations to the contrary, it is only reasonable to conclude that APP is likely licensing all of the works at issue without copyright management information.

As AAP has failed to allege that the works at issue are licensed with copyright management information, and because the factual evidence suggests that the works at issue did not contain copyright management information that could have been removed by the "Defendants", Count III of the Complaint should be dismissed as to all Defendants.

## V.     CONCLUSION

For the reasons discussed above, the individual Defendants Flora, Peirce, Stoll, Bedford, McLane, and Tamasi, respectfully request that the Court grant this Motion and dismiss all claims against them for AAP's lack of standing and for failing to state a claim for removal of copyright management information.

Dated: March 14, 2016                              Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Andrew D. Lockton
Andrew D. Lockton
Edward F. McHale
Kenneth W. Cohen
McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:   (561) 625-6575
Facsimile:    (561) 625-6572
E-mail:         litigation@mchaleslavin.com

Fred C. Cohen
Cohen, Norris, Wolmer, Ray, Telepman & Cohen
712 U.S. Highway One, Suite 400
North Palm Beach, FL  33408
Telephone:   (561) 844-3600
Facsimile:    (561) 842-4104
Email:           fcc@cohenlaw.com

*Attorneys for Defendants Franchesca Flora, Marilyn Diane Peirce, Suzanne N. Stoll, Shawna Lynn Bedford, Kathleen S. McLain, and George Tamasi*

</div>

**CERTIFICATE OF FILING AND SERVICE**

I HEREBY CERTIFY that the foregoing Motion to Dismiss was filed electronically on March 14, 2016. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system. Counsel includes:

| | |
|---|---|
| Joel B. Rothman | Amy Price |
| Jerold I. Schneider | David S. Brafman |
| Diana F. Mederos | Patricia M. Carlson |
| Schneider Rothman Intellectual Property | Akerman LLP |
| Law Group, PLLC | 222 Lakeview Avenue, 4th Floor |
| 4651 N. Federal Highway | West Palm Beach, FL  33401 |
| Boca Raton, FL  33413 | Telephone:    (561) 273-5549 |
| Telephone:    (561) 404-4350 | Facsimile:    (561) 659-6313 |
| Facsimile:    (561) 404-4353 | Email:    amy.price@akerman.com |
| Email:    joel.rothman@sriplaw.com |           david.brafman@akerman.com |
|           jerold.schneider@sriplaw.com |           patti.carlson@akerman.com |
|           diana.mederos@sriplaw.com | |
| | *Attorneys for Defendant Illustrated* |
| *Attorneys for Plaintiff* | *Properties Real Estate Inc.* |
| *Via ECF* | *Via ECF* |

/s/ Andrew D. Lockton